United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENN PICKETT,

Plaintiff,

v.

RICHMOND POLICE OFFICER NGUYEN, et al.,

Defendants.

Case No. 15-cv-04421-WHO

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Re: Dkt. No. 32

**INTRODUCTION**

Plaintiff Glenn Pickett ("Pickett") brings claims under 42 U.S.C. § 1983, alleging defendants Officer Nguyen ("Nguyen") and Officer Hodges ("Hodges") violated Pickett's rights under the Fourth Amendment when on June 15, 2014, Nguyen stopped Pickett for an expired car registration tab, arrested him for drug possession and resisting arrest, and searched his car and the locked luggage in his car. Defendants move for partial summary judgment on Pickett's claims for: (1) unlawful detention, (2) false arrest, and (3) unlawful search. Motion for Partial Summary Judgment (Dkt. 32).[1] Because Pickett fails to raise disputed issues of material fact precluding summary judgment on these claims, defendants' motion is GRANTED.

**BACKGROUND**

While on patrol on June 15, 2014, Nguyen (an officer with the Richmond Police Department) observed a green Saturn with an expired registration tab. Declaration of Khoa Nguyen ("Nguyen Decl.") (Dkt. 32-2) at ¶ 2. Nguyen conducted a registration check, which showed the car was in fact unregistered. *Id*. Nguyen illuminated his overhead lights to conduct a

[1] Pickett also asserts claims for excessive force related to his June 15, 2014 arrest and unlawful detention related to a separate stop on July 7, 2014. Complaint (Dkt. No. 1) at 5-6. Those claims are not at issue on this motion.

traffic stop. *Id.* Pickett was driving the car (and was its sole occupant). He was returning home from the grocery store. Declaration of Glenn Pickett ("Pickett Decl.) at ¶ 5 (Dkt. 34-1). He is on disability and at the time of the stop was taking prescription medication as well as marijuana for pain from a recent surgery. Transcript of Video Deposition of Glen Pickett ("Pickett Depo." Dkt. No. 32) at 46, 107. Pickett pulled over to the side of the road. *Id.* ¶ 4. Officer Hodges arrived on the scene at that time as backup. *Id.*

When Nguyen approached the car, he noticed that Pickett was sweating (although it was cold outside) and nervously fidgeting. Nguyen Decl. ¶ 4. Nguyen asked Pickett for his license, proof of registration, and insurance, which Pickett went to retrieve from his car's glove compartment. *Id.* When Pickett opened the glove compartment, Nguyen could see in plain view several prescription drug bottles. *Id.* Hodges, who was standing on the passenger side of the vehicle, notified Nguyen that he could see the prescription bottles as well as marijuana in the glove compartment. *Id.* Pickett does not dispute that he opened the glove compartment, does not dispute that in the glove compartment there were prescription drug bottles in plain view of the officers, and does not dispute that there was marijuana in the glove compartment.[2] In his deposition, Pickett admitted there was marijuana in his car. He said that he had a small amount in a "zip" bag "under the seat" and some in a plastic prescription bottle. Pickett Depo. Tr. at 106 – 107.

In light of his observations and Pickett's behavior, Nguyen asked Pickett to turn off the engine of his vehicle, which Pickett refused to do, and to exit the vehicle, which Pickett also refused to do. *Id.* ¶ 5. After a confrontation and after Pickett was out of the vehicle, he was placed in handcuffs. *Id.* ¶ 6.

At some point prior to searching the vehicle – it is not clear from the record when– Nguyen spoke with Pickett and Pickett admitted that there was marijuana and prescription drugs in the vehicle. *Id.* ¶ 7. During his deposition, Pickett admitted that he thought he remembered telling the

---

[2] Pickett declares only that "upon being pulled over and detained, I was immediately ordered to get out of my car and I was placed under arrest by Hodges who held my arm tightly behind my back to place handcuffs on me." Pickett Decl. ¶ 8.

United States District Court
Northern District of California

officers about "everything" that was in the car, specifically Norco and a little bit of marijuana. Pickett Depo. Tr. at 149.[3]

While Pickett was sitting on the curb, defendants searched Pickett's vehicle, including a locked bag in Pickett's backseat. Nguyen Decl. ¶ 7; Pickett Decl. ¶¶ 10-12. During the search, defendants discovered six bottles of prescription medication and marijuana in a clear plastic bag. Nguyen Decl. ¶ 7; *see also* Pickett Decl. ¶ 12 ("during the search, the defendants discovered medication that had been legally prescribed to me by a doctor."). Pickett was arrested and taken into custody for resisting arrest and possession of drugs. Pickett Decl. ¶ 14; Answer ¶ 12. The charges were later dismissed and Pickett was released from custody. Pickett Decl. ¶ 14.

**LEGAL STANDARD**

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the Court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill*

[3] "Q: Did you ever say anything to the officers about the marijuana that was in your car? A: I don't remember. Maybe. I don't remember. I probably did. I think I remember telling him everything that was there. I told him that there was Norco because I was on disability. I may have told him that there was a little bit of marijuana in there."

*Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979).

**DISCUSSION**

**I. UNLAWFUL DETENTION**

Defendants move for summary judgment on Pickett's unlawful detention claim, arguing that his detention was justified as part of a traffic stop to investigate the expired vehicle tags. Mot. 4-5. Pickett opposes, arguing that there was no justification for defendants to detain Pickett for a minor traffic infraction because it was too dark for defendants to see his expired tags and that it was only after pulling over plaintiff that defendants discovered the expired tags. Oppo. at 4.

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within [the Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 809 (1996). A traffic stop therefore must not be "unreasonable" under the circumstances and must be supported by reasonable suspicion. *Id.* at 810; *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) ("A traffic violation alone is sufficient to establish reasonable suspicion."). As pertinent here, an expired vehicle registration justifies a traffic stop under the Fourth Amendment. *See Delaware v. Prouse*, 440 U.S. 648, 663 (1979); *James v. Hayward Police Dep't*, No. C 10-4009 SI PR, 2012 WL 1895952, at *7 (N.D. Cal. May 23, 2012) ("undisputed evidence shows that defendants [] made a lawful traffic stop of the car in which James was a passenger based on reasonable suspicion that the driver had failed to register the car and pay the required fees as indicated by the expired vehicle registration tag").

Nguyen observed Pickett's green Saturn with an expired registration tab on the license plate and ran a check to confirm the expired status *before* pulling Pickett over. Nguyen Decl. ¶ 2. Pickett presents no *evidence* to raise a dispute of material fact concerning Nguyen's knowledge or conduct prior to the stop. Pickett admits that his registration was expired in violation of California law. Pickett Depo. Tr. 45-46. Pickett cannot defeat summary judgment by simply speculating that it was too dark for Nguyen to have seen the expired tab or that Nguyen did not know the registration was expired until after Pickett was stopped. Pickett Decl. ¶¶ 6, 7.

On a motion for summary judgment, evidence presented by the parties must be admissible.

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); Fed. R. Civ. Proc. 56(e). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun*, 509 F.3d at 984; *see also Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment"). Pickett's unsupported assertion of what Nguyen could or could have not have seen or known prior to the stop fails for a number of reasons. Under Federal Rule of Evidence 602, "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Pickett fails to show how he had personal knowledge of what Nguyen could see while driving behind Pickett's vehicle. Pickett's statement that it was too dark to see the registration tab is purely speculative. There is no evidence to call into question Nguyen's testimony or his ability to see the expired tab on the night in question. *Compare United States v. White*, No. 14-CR-00020-WHO-1, 2014 WL 5522072, at *4 (N.D. Cal. Oct. 31, 2014) (defendant failed to rebut officer's testimony that defendant's headlights were illegal where defendant offered only a vague assertion regarding the color of the headlights and provided no further evidence such as "when the lamps were installed, what their model number or 'type' were, whether they were OEM or after-market, or provide any other details."), *with Davis v. Clearlake Police Dep't*, No. C-07-03365 EDL, 2008 WL 4104344, at *4 (N.D. Cal. Sept. 3, 2008) (plaintiff raised triable issue of fact as to whether defendant saw expired tag where plaintiff testified that "[t]here's no way possible [to see the expired tag] because in order to pump gas into a 1967 Cougar, the license plates have to be folded down").

Pickett has not shown a dispute of material fact precluding summary judgment as to his detention. It is undisputed that Pickett was driving with an expired registration, Pickett offers no admissible evidence to rebut Nguyen's testimony, and a detention for driving without a valid registration is acceptable as a traffic stop under the Fourth Amendment. Defendants' motion for summary judgment on Pickett's unlawful detention claim is GRANTED.

## II. FALSE ARREST

To prevail on a section 1983 claim for false arrest, a plaintiff must demonstrate that there

was no probable cause for his arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause requires only a fair probability or substantial chance of criminal activity, and we determine the existence of probable cause by looking at 'the totality of the circumstances known to the officers at the time.'" *United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir. 2002). Probable cause is an objective standard and an officer's subjective intention is immaterial in evaluating whether the arrest was reasonable under the Fourth Amendment. *John v. City of El Monte*, 505 F.3d 907, 910-11 (9th Cir. 2007). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Pickett argues that his arrest was illegal because he could not be arrested for simply driving an unregistered car. Oppo. 4. Pickett's argument fails for two reasons. First, an arrest for any criminal offense, however minor, is sufficient under the Fourth Amendment. *Atwater v. City of Lago Vista* , 532 U.S. 318, 354 (2001). In *Atwater*, the Court held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment arrest the offender." 532 U.S. at 354. In other words, in order for an arrest to comply with the Fourth Amendment even a traffic violation is sufficient.

Pickett contends that the result here should be different because the violation of California law at issue – driving with an expired registration – is a minor traffic infraction providing only for a written citation and not for an arrest. Oppo. at 4-5 (citing *People v. Medina*, 110 Cal. App. 4th 171, 176 (2003) (a "driver stopped for a minor traffic infraction cannot be physically restrained absent 'specific and articulable facts' that could support a rational suspicion that [the driver was] involved in 'some activity relating to crime")). Pickett relies on *Edgerly v. City & Cty. of San Francisco*, 495 F.3d 645 (9th Cir. 2007) ("*Edgerly I*") to support his proposition officers could not have arrested him when they only had probable cause that he was driving without a valid

United States District Court
Northern District of California

registration. Oppo. 5. However, Pickett fails to note that *Edgerly I* was overturned by *Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946 (9th Cir. 2010) ("*Edgerly II*"). There, the Ninth Circuit on rehearing held that while an arrest for a code violation was not authorized under California law, the arrest nonetheless did not violate the Fourth Amendment and could not sustain a Section 1983 claim. 599 F.3d at 956; *see also Martinez-Medina v. Holder*, 673 F.3d 1029, 1036 (9th Cir. 2010) (where deputy sheriff lacked authority under Oregon law to detain petitioners, his violation of state law did "not constitute a violation of the Fourth Amendment and, thus, cannot be the basis for finding an egregious Fourth Amendment violation").

Second, Picket fails to acknowledge a critical undisputed fact: he was arrested for the *possession of illegal drugs and resisting arrest*. The parties do not dispute that Pickett was arrested for resisting arrest and illegal drug possession and *not* for driving with an expired registration. Pickett Decl. ¶ 14; Compl. ¶ 12; Answer ¶ 12. Pickett's arrest followed Nguyen's observation of Pickett's behavior and the prescription bottles in the glove compartment, as well as the information he received from Hodges's about Hodges observation of the prescription bottles and what Hodges suspected was marijuana in the glove compartment. Nguyen Decl. ¶ 4. The question, therefore, is whether there was probable cause to arrest Pickett *for illegal drug possession*.[4]

As noted above, Pickett fails to dispute Nguyen's testimony that prior to the arrest Nguyen and Hodges could see the prescription drug bottles and perhaps marijuana in the glove compartment. Nguyen's suspicions of possible illegal activity were raised by Pickett's behavior, including sweating and fidgeting. *Id.* In addition, Pickett testified that he "probably did" tell the officers that both prescription pain medication and marijuana were in his car, Pickett Depo. 149, which corroborates Nguyen's testimony that Pickett admitted to him that there was marijuana and

[4] The facts surrounding whether Pickett resisted arrest are in dispute but not material to the resolution of the motion as to the false arrest claim because where an arrest is lawful on any ground, whether other grounds also supported the arrest is irrelevant. *See, e.g., Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1080 (8th Cir. 1990) ("If Baetz believed that Foster had committed a misdemeanor by refusing to move his car, and therefore had probable cause to arrest, it is immaterial that Baetz also thought, perhaps mistakenly, that he had probable cause to arrest Foster for verbally abusing him or tearing up the parking ticket.").

prescription medication in his vehicle. Nguyen Decl. ¶ 7. It is not objectively unreasonable for Nguyen to determine that there was illegal activity – unlawful drug possession – occurring. *Cf. James v. Hayward Police Dep't*, No. C 10-4009 SI PR, 2012 WL 1895952, at *6 (N.D. Cal. May 23, 2012) ("the fact that defendants had personally witnessed what to a prudent person would have appeared to be an illicit narcotics sale and then James' immediate flight was sufficient for the defendants to believe that an offense had been committed"). Therefore, considering the totality of the circumstances, there was probable cause to arrest Nguyen for drug possession.

Because Pickett is unable to raise a material dispute of fact as to probable cause for his arrest, Pickett's false arrest claim under section 1983 fails and defendant's motion for summary judgment is GRANTED.

## III. UNLAWFUL SEARCH

Plaintiff argues that the search of the locked bag in his car was not justified by probable cause and was in violation of the Fourth Amendment. However, two exceptions to the Fourth Amendment's general prohibition on warrantless searches apply to the undisputed facts here; the search was supported by probable cause and the search was incident to arrest.

### A. Probable Cause

Police may search without a warrant if their search is supported by probable cause. *California v. Acevedo*, 500 U.S. 565, 579 (1991). There is probable cause if "there is a fair probability that contraband or evidence of a crime will be found in a particular place based on a totality of the circumstances." *United States v. Soto–Zuniga*, 837 F.3d 992, 1004 (9th Cir. 2016). "The Supreme Court has held that if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Pinela-Hernandez*, 262 F.3d 974, 979 (9th Cir. 2001) (citing *United States v. Ross*, 456 U.S. 798, 825 (1982) (concluding that "[b]ecause there was probable cause to search the car, there was probable cause to open the trunk and to search the packages that turned out to contain marijuana").

Here, defendants had probable cause to search Pickett's vehicle and his locked luggage in the backseat based on the totality of circumstances: Nguyen's observations of Pickett's behavior,

the officers' own observations of the prescription drugs bottles in the glove compartment, and most critically, Picket's admission that there were prescription drugs and marijuana in the car. Nguyen declares that *prior* to searching the car Pickett admitted that there were prescription drugs and marijuana in the car. In his deposition testimony, Pickett admitted to telling the officers about the drugs, although the timing of when that admission was made is unclear. Pickett does not, however, provide any clarity about the timing of his admission in his declaration. Therefore, there are no facts in dispute about Nguyen's knowledge that there was at least one type of *illegal* drug in the car – marijuana – as well as prescription drugs prior to conducting the search. That information gave officers probable cause to search the car and its contents, including the locked bag. *See, e.g., United States v. Soto-Zuniga*, 837 F.3d at 1004 (the agents had probable cause to search a vehicle where (1) the border patrol agent smelled marijuana, (2) the car had multiple air freshners, (3) the agent observed a cigarillo wrapper and loose tobacco in the car, (4) Soto-Zuniga seemed "agitated and anxious," and (5) Soto-Zuniga admitted to smoking marijuana in the vehicle); *see also California v. Acevedo*, 500 U.S. at 580 (reaffirming *United States v. Ross*, 456 U.S. 798 (1982) that closed containers in a car could be searched where probable cause existed to search the car).

**B. Search Incident to Lawful Arrest**

Ignoring the probable cause stemming from his own admissions, Picket argues that the search of his locked luggage in the car was unreasonable because after Pickett was removed from the vehicle and cuffed, he no longer posed a threat to the officers or had the ability to interfere with or destroy evidence. Oppo. 6-7. As such, he argues the search of his locked bag could not fall under the "search incident to an arrest" warrantless search exception. As explained by the Supreme Court in *Arizona v. Gant*, 556 U.S. 332, 338 (2009), a warrantless search may be permissible if it is incident to a lawful arrest *when* the arrestee presents a threat to the safety of officers or might tamper with evidence *or* in the "automobile context" when "it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Id.* at 335. Pickett focuses only on the first *Gant* prong, and argues after he was cuffed he could not have been a threat to the officers or present a risk of evidence tampering. Oppo. at 7. Pickett ignores the

United States District Court
Northern District of California

second prong of *Gant* which allows a search if "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 556 U.S. at 351. Given what the officers saw and what Pickett admitted, there was a reasonable basis to search the vehicle *and the bag* for evidence of the crime that Pickett *was* arrested for; drug possession.[5]

**CONCLUSION**

Pickett fails to raise disputed issues of material fact concerning the circumstances surrounding his detention, arrest, and the search. Based on the undisputed facts, defendants lawfully stopped Pickett for a traffic violation, had probable cause to arrest Pickett for illegal drug possession, and probable cause to search Pickett's vehicle following his arrest. Accordingly, I GRANT defendants' motion for partial summary judgment on the claims for unlawful detention, unlawful arrest, and unlawful search.

**IT IS SO ORDERED**.

Dated: December 22, 2016



WILLIAM H. ORRICK
United States District Judge

[5] Having concluded that defendants' motion should be granted as to these three claims, I need not address defendants' arguments for qualified immunity.